**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAY DIAZ SANTOS, | No. 15-16854 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00019 |
| v. | |
| SUPERIOR COURT OF GUAM; PEOPLE OF GUAM, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief Judge, Presiding

Submitted February 12, 2018**
Honolulu, Hawaii

Before: O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

Jay Diaz Santos appeals the district court's dismissal of his suit for lack of

subject-matter jurisdiction. The facts of this case are known to the parties, and we

do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court found that Santos was "essentially seeking appellate review of the Superior Court of Guam's decision" to deny his motion to suppress in a criminal case. Therefore, the district court ruled, it was barred from exercising jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). On appeal, Santos argues that even if *Rooker-Feldman* would bar the district court from reviewing the Superior Court's probable cause determination, it does not bar the district court from issuing an order for the Superior Court to decide in the first instance whether there was probable cause for a search warrant. The People of Guam seemingly agree with Santos, suggesting that *Rooker-Feldman* only applies to final state court judgments and so would not apply in the case of Santos's ongoing criminal prosecution.

Both are mistaken. "The [*Rooker-Feldman*] doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (quoting *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)). "To determine whether an action functions as a de facto appeal, we pay close attention to the relief sought by the federal-court plaintiff," and a suit is a "forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the

state court, and seeks relief from the judgment of that court." *Id.* at 777–78 (internal quotation marks omitted). We have expressly ruled that the doctrine applies not only to final judgments, but also to "interlocutory state court decisions." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

Here, Santos is unhappy with the Superior Court's pre-trial decision that it would not reevaluate the probable cause determination of the judge who issued the search warrant. Santos sought and was denied interlocutory review of that decision by the Supreme Court of Guam. He then turned to the federal district court, seeking precisely the appellate relief denied him in the Guam courts. There is no way to construe his suit but as an attempted appeal of the Superior Court's decision, and the district court was therefore correct that the *Rooker-Feldman* doctrine barred it from exercising jurisdiction.[1]

**AFFIRMED**.

---

[1] The Superior Court of Guam and the People of Guam filed a Joint Motion for Judicial Notice, asking us to take notice of the docket sheet in Santos's criminal case to support their argument that the district court should have dismissed the case under the *Younger* abstention doctrine. Because we affirm the judgment of the district court based on *Rooker-Feldman*, which is unaffected by the procedural status of the Guam prosecution, the motion is DENIED as moot.